**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**
**ELECTRONICALLY FILED ON JULY 10, 2008**

| | | |
|---|---|---|
| ASHBRITT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-00473 (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF FILING APPLICATIONS FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER**

Pursuant to the Court's July 1, 2008 Protective Order Intervenor Environmental Chemical Corporation respectfully provides notice of the filing of the enclosed Applications for Access to Information Under Protective Order for the following individuals: Richard B. Oliver and Alison L. Doyle.

Respectfully submitted this 9th day of July, 2008.

s/Richard B. Oliver
Richard B. Oliver

MCKENNA LONG & ALDRIDGE LLP
444 South Flower Street, Suite 800
Los Angeles, California 90071
(213) 243-6169

Attorney of Record for Intervenor
Environmental Chemical Corporation

Of Counsel:

Alison L. Doyle
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**
**ELECTRONICALLY FILED ON JULY 10, 2008**

| | | |
|---|---|---|
| ASHBRITT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-00473 (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL**

1. I, Alison L. Doyle, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of McKenna Long & Aldridge LLP and have been retained to represent Environmental Chemical Corporation, a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding

information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None.

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

None.

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

None.

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

Alison L. Doyle, Partner
(202) 496-7604, Telephone
(213) 243-6330, Facsimile

10 July 2008
Date Executed

Richard B. Oliver, Attorney of Record
(213) 243-6169, Telephone
(213) 243-6330, Facsimile

10 July 2008
Date Executed

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**
**ELECTRONICALLY FILED ON JULY 10, 2008**

| | | |
|---|---|---|
| ASHBRITT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-00473<br>(Judge Williams) |

**APPLICATION FOR ACCESS TO INFORMATION**
**UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL**

1. I, Richard B. Oliver, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of McKenna Long & Aldridge LLP and have been retained to represent Environmental Chemical Corporation, a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding

information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None.

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

None.

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

The only instance is described in the attached letter regarding a 1999 GAO protest matter, B-283309, (Feb. 14, 2000). While the period of required disclosure of this matter

that was imposed by the GAO expired in 2005, because the court's rules do not contain a time limitation, I have reported this matter here.

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

Richard B. Oliver — July 10, 2008

Richard B. Oliver, Partner
(213) 243-6169, Telephone
(213) 243-6330, Facsimile

Date Executed

Richard B. Oliver — July 10, 2008

Richard B. Oliver, Attorney of Record
(213) 243-6169, Telephone
(213) 243-6330, Facsimile

Date Executed

GAO
Accountability * Integrity * Reliability
United States General Accounting Office
Washington, DC 20548
Office of the General Counsel

B-283309

February 14, 2000

Richard B. Oliver, Esq.
McKenna & Cuneo
444 South Flower Street
Los Angeles, CA 90071

Dear Mr. Oliver:

By your submission dated October 13, 1999, you advised us that you were involved in a violation of the terms of the protective order issued by our Office on July 29 in connection with your initial protest filed on behalf of your client, Mid Pacific Environmental, challenging the award of a contract by the Defense Logistics Agency.

In your submission, you state that in drafting a letter for a second protest, which contained protected information, you erroneously listed your client's president as a recipient on the letter's "cc" list. You state that the protest letter was faxed by your office to the designated recipients on October 7, and that approximately 2 hours after the letter had been transmitted you learned that it had been faxed to your client's president.

Upon discovery of this error, you state that you contacted your client's office and learned that the president was out of town and had not received the facsimile. You state that you spoke with the accounts payable manager who said that he had seen the facsimile, but had only glanced at it to see if it required immediate attention. You state that the accounts payable manager said that he had not read the letter and that you requested that he return it to your office by Federal Express, which he did.

In a subsequent telephone call the next day, the accounts payable manager stated that prior to your initial phone call concerning the protest letter, he had made one copy of the letter and given it to the president's secretary. You asked the accounts payable manager to retrieve this copy of the letter and return it to your office. You state that you also spoke with the secretary and that she said that she had glanced through the facsimile but had not read it or made copies of it. The accounts payable manager and the secretary have agreed not to discuss the contents of the protest letter, and both the original transmission and the copy of the protest letter made by the accounts payable manager have been returned to your office. The company president never saw or read the protest letter. The individuals in your client's firm

who improperly received the protected information have submitted declarations to our Office confirming the above sequence of events.

Our Office views any violation of a protective order with the utmost concern. While protective orders provide a way for protesters to effectively pursue their protests, they require agencies and private parties to make available sensitive and valuable information. That information could be improperly released if the parties are not scrupulous in honoring the restrictions imposed by the protective order.

While a violation of the protective order clearly occurred, the record indicates that it was unintentional and that you took immediate steps to inform those unauthorized persons who received the information not to further discuss it and to return the protected material to you. Accordingly, we will not impose sanctions. However, we admonish you to take greater care in the future in the use of protected material. Further, we will consider the circumstances of this violation in considering your admission under future protective orders. In this regard, you must disclose this finding of a violation of a protective order in any future General Accounting Office protective order application filed within the next 5 years, or such other period as those applications may establish.

Sincerely yours,

Robert P. Murphy
General Counsel

cc: Karen E. Schools, Esq.
Defense Logistics Agency