IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| ASHBRITT, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-00473<br>(Judge Williams) |

**GOVERNMENT RESPONSE TO MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

On July 24, 2008, plaintiff Asbritt, Inc. ("Ashbritt") filed a motion to compel supplementation to the administrative record ("motion to compel") seeking additional materials it claims were ordered to be filed with the administrative record ("AR"), and explanations concerning portions of the AR filed on July 18, 2008. Government counsel has already provided the materials which should have been included in Tab 17, explaining in an e-mail to all parties dated July 24, 2008 that the omission was an oversight that occurred in the course of electronic filing. If, as discussed below, we supplement the AR with materials related to internal government estimates ("IGEs"), as requested in Ashbritt's motion, we will include these already-circulated materials as well. With respect to the other issues raised by Ashbritt's motion, we respectfully aver as follows.

1. Ashbritt contends that we omitted the subcontracting plans of the offerors in the competitive range, and that these subcontracting plans were ordered to be included in the AR at the scheduling conference of July 1, 2008. Although this Court did not issue an order folowing the scheduling conference, our notes reflect that Ashbritt did not request, and this Court did not

order, the disclosure of technical proposals relating to subcontracting plans. Accordingly, we did not include the technical proposals relating to small business subcontracting plans in the AR..

Because Ashbritt's complaint is limited to contending that the agency should have noted additional deficiencies in discussions pursuant to FAR 15.306(d), Ashbritt sought only the agency's evaluations of the technical subcontracting proposals but not the subcontracting plans themselves. As Ashbritt recognized, only the evaluations and the written summaries of oral discussions, which have been provided as Tab 18 of the AR, are relevant to the contention that the agency failed to conduct meaningful discussions: these materials demonstrate that there were no unequal discussions which resulted in the agency marking Ashbritt down for deficiencies which may have been discussed with other offerors but not Ashbritt. See Complaint, ¶ 37. Accordingly, we respectfully oppose Asbritt's motion that the AR be supplemented to include the subcontracting proposals of other offerors within the competitive range.

2. Ashbritt seeks to have the AR supplemented with any IGEs which were omitted from the July 18 filing, and any background material, including notes, emails, memoranda, calculations, and other supporting material, which relate to the development of the IGEs. Although Ashbritt acknowledges that the AR already contains IGEs dated July 23, 2007 and September 12, 2007, Motion To Compel at ¶ 2, it contends there are additional IGEs and relevant background materials. Because this material was ordered produced at the scheduling conference, the AR should be corrected if such materials exist and were omitted from the July 18 filing. If there are such additional materials in the agency's files, we will supplement the AR as requested by Ashbritt.

3. Ashbritt argues that certain pages from the debriefing notes and Agency Source Selection Plan are illegible and requests legible copies. Ashbritt's counsel, however, has not identified the relevant pages with the exception of pages 748 and 799 which are referenced as examples. When Ashbritt identifies the pages it contends are illegible as filed, we will provide xerox copies from the original AR to supplement the AR.

4. Ashbritt argues that the pricing materials included in the AR do not clarify whether the schedules are original or revised and the regions to which they apply. The AR, however, contains the relevant data. For example, the material in Tab 50 contains Crowder Gulf's pricing material in ascending region order, the region number, and the revised prices identified as such. Likewise, the materials in Tabs 51, 52 and 52A relate to the pricing materials of Ceres Environmental (Tab 51), BGM-Ceres Environmental JV (Tab 52) and Ceres Caribe-Ceres Environmental JV (Tab 53), respectively. These indicate whether they are revised or original in the bottom right hand corner of the submissions, and the region is indicated on the pages designated "8 of 111."

Tab 54 contains the proposals of Environmental Chemical Corporation ("ECC"); all region numbers and the words "final proposal revision" are clearly identified. Tab 55 contains the proposal of Phillips and Jordan ("P&J") and all region numbers are clearly identified. The revised price proposals may be identified by the presence of the 005 subclins which do not exist for the original proposals. Tab 56 contains the proposal of Experts, Inc. which only submitted a proposal for region 2c. This region is identified on page "8 of 111" of the proposal and the words "final proposal revision" appear in the lower right hand corner of the revised schedule.

With these clarifications, the AR filed on July 18, 2008 is complete. To the extent that

the agency discovers materials relevant to the IGEs which were not already provided, we will supplement the AR accordingly. Accordingly, plaintiff's motion to compel should be denied as moot.

Respectfully submitted,

GREGORY G. KATSAS
Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd Hughes
TODD HUGHES
Deputy Director

/s/ David A. Levitt
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20003
Tel: 202-307-0309
Attorneys for Defendant

Date: July 31, 2008

CERTIFICATE OF FILING

I hereby certify that on this 31st day of July 2008, a copy of the foregoing Administrative Record was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David A. Levitt