**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
***Bid Protest***

| | | |
|---|---|---|
| **ASHBRITT, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-473 C** |
| | ) | |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTERVENOR CERES' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Intervenor Ceres Environmental Services, Inc. ("Ceres") opposes portions of Plaintiff's Motion to Supplement the Administrative Record. First, Ceres requests the Court deny the request for the Government to produce the technical proposals relating to subcontracting for all offerors within the competitive range. The technical proposals relating to subcontracting have not been requested, are not appropriate, and are not relevant in light of AshBritt's Complaint. Second, Ceres requests the Court deny the request for the Government to produce interim Independent Government Estimates ("IGEs") allegedly developed between the initial IGE and a final version of the IGE.

AshBritt's First Alleged Deficiency

1. AshBritt requests the Court to compel the Government to produce the technical proposals relating to subcontracting for all offerors within the competitive range. AshBritt contends the Court ordered the production of these technical proposals at the Initial Status Conference. AshBritt asserts the Court ordered the production of the subcontracting plans because AshBritt had received a reduced rating on its subcontracting plan and because the

reduced rating formed a basis of AshBritt's Protest. AshBritt avers it requires the subcontracting plans so that it may compare its marked-down proposal to higher-rated plans and determine whether the Government evaluated all offerors in a fair, even-handed, and consistent manner.

2. The subcontracting proposals were not requested by the Plaintiff. Accordingly, such proposals were not addressed by the Court during the Initial Status Conference.

3. RCFC App. C. ¶ 22(l) requires the Government to release the proposals of the protestor, the awardee, and other interested parties "as appropriate." The technical proposals relating to subcontracting of other offerors are not appropriate for production because the Complaint contains no assertions relating to the subcontracting proposals of other offerors in the competitive range. The Complaint does not contend the Government improperly evaluated the subcontracting plans of other offerors or that the Government did not evaluate subcontracting plans consistently among the offerors. Rather, AshBritt limits its allegations, at paragraphs 33-37 of its Complaint, to its own subcontracting proposal, the Government's evaluation of it, and discussions between AshBritt and the Government only. Consequently, Ceres' subcontracting technical proposal is not relevant for determining whether the Government failed properly to evaluate AshBritt's subcontracting proposal and to conduct meaningful discussions with AshBritt.

4. Moreover, AshBritt's Complaint does not otherwise assert how the subcontracting technical proposals of the other offerors provide any perspective on whether the Government failed to conduct meaningful discussions with AshBritt. The averments in AshBritt's Complaint do not link the alleged failure to conduct meaningful discussions with any other offeror's subcontracting technical proposal.

AshBritt's Second Alleged Deficiency

5. AshBritt requests the Court to compel the Government to provide the interim IGEs. AshBritt also requests the Court to compel the production of "any notes, emails, memoranda, calculations, or other supporting or backup information of any kind regarding any of the IGEs." AshBritt contends the Court ordered the Government to produce all detail, including backup information, regarding the Government's IGE. AshBritt asserts "it requires this information in order to understand how and why the Government revised the initial IGE, which the Government had used as the basis for discussions with AshBritt and on which AshBritt relied."

6. RCFC App. C. ¶ 22(h) requires the Government to release the agency's estimates of the cost of performance "as appropriate." The interim IGE information requested by AshBritt is not appropriate because AshBritt's Complaint contains no averments that make the interim IGEs relevant to the grounds of its protest.

7. AshBritt's Complaint states the Corps failed to conduct meaningful discussions because the Corps knew it was going to have to revise its IGE, the Corps revised its IGE, and the Corps did not provide AshBritt further discussions.

8. AshBritt has not identified the relevance of the interim IGEs based on any asserted link in the Complaint between the Government's reasons for revising the IGE and the failure to conduct meaningful discussions based on the initial IGE. Although AshBritt states it requires the information regarding the interim IGEs to understand "how and why the Government revised the initial IGE," AshBritt has not averred in its Complaint how this information pertains to evaluating whether the discussions were meaningful at the time they occurred in August 2007, when the only extant IGE was the initial IGE. AshBritt's Complaint does not contend the advice given to AshBritt during discussions, regarding the initial IGE, was flawed or inaccurate.

9. In paragraph 20 of its Complaint, AshBritt states the discussions, conducted on August 31, 2007, were not meaningful and were inadequate or misleading. In paragraph 40 of the Complaint, AshBritt contends the Corps advised AshBritt to alter its prices for CLINS listed in that paragraph of the Complaint. AshBritt asserts it altered the prices of CLINS listed in paragraph 41 of the Complaint in reliance on the Corps' advice. But, AshBritt does not aver the specific advice given to it was incorrect, not meaningful, inaccurate, or misleading. AshBritt does not assert the Corps' advice regarding these specific CLINS did not provide AshBritt with useful feedback or lead to a better proposal and price for the Government.

10. Consequently, AshBritt's Complaint fails to contain averments linking the relevancy of the interim IGEs to the assertion that discussions were not meaningful. AshBritt presumes, without explanation, that discussions using an imperfect IGE equate to a failure to conduct meaningful discussions. Indeed, based on the averments contained in AshBritt's Complaint, it appears discussions based on the initial IGE were meaningful to the extent of the advice offered to AshBritt. AshBritt's Complaint contains no averments to the contrary.

11. Further, AshBritt does not contend in its Complaint how the interim IGEs are relevant to evaluating whether the discussions held with AshBritt were meaningful to the extent the interim IGEs occurred *after* the Corps conducted discussions. The discussions occurred on August 31, 2007. AshBritt's Complaint does not contain allegations indicating that events happening subsequent to August 31, 2007, such as IGE revisions, retroactively determine whether the discussions were meaningful, adequate, and not misleading on that date. AshBritt's Complaint does not contain assertions indicating that events happening after August 31, 2007, render the advice given, regarding the CLINS listed in paragraph 41 of the Complaint, not meaningful, inadequate, or misleading. Consequently, to the extent of the allegations contained in AshBritt's

Complaint, the information regarding the interim IGEs is not relevant for determining whether the Government failed to conduct meaningful discussions with AshBritt. See Fort Carson Support Services v. United States, 71 Fed. Cl. 571, 612 (2006) ("Discussions need not employ clairvoyance to be meaningful").

12. Moreover, the information regarding the interim IGEs is not appropriate because AshBritt has not asserted any basis in law or regulation that offerors were entitled to additional discussions or that the Government had a duty to conduct additional discussions based on any revisions to the initial IGE. While paragraph 42 seems to imply AshBritt is entitled to additional discussions, the Complaint contains no averment the Contracting Officer abused his discretion not to conduct additional discussions.

Request for Relief

For the foregoing reasons, Ceres respectfully requests this Court to deny AshBritt's Motion to Supplement the Administrative Record as to paragraphs 1 and 2 of the Motion.

Respectfully submitted this 31st day of July 2008.

By: /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave NE
Atlanta, GA 30303
Phone: 404-521-3800
Fax: 404-688-0671
kfdix@smithcurrie.com

**COUNSEL OF RECORD FOR INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.**

**OF COUNSEL:**

Steven L. Reed
John S. Tobey
Smith, Currie & Hancock LLP

**CERTIFICATE OF FILING**

I hereby certify that on this 31st day of July, a copy of the foregoing "Intervenor Ceres' Response to Plaintiff's Motion to Supplement the Administrative Record" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's System.

**SMITH, CURRIE & HANCOCK LLP**

By: /s/ Karl Frederick Dix
Karl Frederick Dix