**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
***Bid Protest***

| | | |
|---|---|---|
| **ASHBRITT, INC.** | ) | **No. 08-00473** |
| | ) | |
| **Plaintiff,** | ) | **Judge Williams** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER OF INTERVENOR**
**CERES ENVIRONMENTAL SERVICES, INC.**

Ceres Environmental Services, Inc. ("Ceres"), by and through the undersigned counsel, files this Answer to Protestor AshBritt, Inc.'s ("AshBritt") Complaint for Declaratory Judgment and a Permanent Injunction against The United States and shows the Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

AshBritt's Complaint fails to state a claim against the United States upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

AshBritt challenges every award under Solicitation No. W912P8-07-R-0101 ("Solicitation"), but AshBritt is not an interested party to challenge every award.

Consequently, AshBritt fails to state a claim upon which the requested relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

AshBritt is not an interested party to challenge every award and, therefore, cannot pray the Court require the U.S. Army Corps of Engineers ("the Corps") to reopen discussions and request new Final Proposal Revisions from offerors for every award under the Solicitation.

**FOURTH AFFIRMATIVE DEFENSE**

AshBritt is not an interested party to challenge every award and, therefore, cannot pray the Court require the Corps to award additional contracts for which AshBritt is not eligible.

**FIFTH AFFIRMATIVE DEFENSE**

AshBritt is not an interested party to challenge every award and, therefore, cannot pray the Court permanently enjoin the Corps from proceeding with the administration of contracts for which AshBritt has no standing to protest.

**SIXTH AFFIRMATIVE DEFENSE**

AshBritt is not an interested party and, therefore, cannot pray the Court order the Corps to terminate every contract at the convenience of the Government.

**SEVENTH AFFIRMATIVE DEFENSE**

AshBritt suffered no prejudice. AshBritt's proposal was deficient with respect to its high price and subcontracting plan. Correcting any problems with the evaluations or holding further discussions would not have made any difference such that AshBritt is not an interested party for this protest.

**EIGHTH AFFIRMATIVE DEFENSE**

AshBritt's protest is untimely. AshBritt waived its right to protest alleged deficiencies with its evaluation and the Solicitation.

**NINTH AFFIRMATIVE DEFENSE**

AshBritt pursues this protest with unclean hands. Instead of pursuing this protest on the allegations for which AshBritt knew or should have known about, AshBritt waited to see how it fared after the Selection Decision before pursuing this protest.

**TENTH AFFIRMATIVE DEFENSE**

AshBritt has an adequate legal remedy and equitable relief is therefore, not warranted.

**ELEVENTH AFFIRMATIVE DEFENSE**

AshBritt is not an interested party to challenge every award and this Court, therefore, does not have jurisdiction over this protest.

## ANSWERS TO NUMBERED PARAGRAPHS

1.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 contends and, therefore, denies and demands strict proof of those averments.

2.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint.

3.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint and, therefore, denies and demands strict proof of those averments.

4.

Ceres denies the averments made in the first sentence of Paragraph 4 of the Complaint. Ceres denies AshBritt is an interested party to challenge every award protested. Ceres is without information sufficient to form a belief as to the truth of the averments in the second sentence and, therefore, denies and demands strict proof of those averments.

5.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint and, therefore, denies and demands strict proof of those averments.

**Factual Background**

6.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint and, therefore, denies and demands strict proof of those averments.

7.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint and, therefore, denies and demands strict proof of those averments.

8.

Ceres denies the averments made in Paragraph 8, as they have no basis in fact or law. A pre-award notification does not deprive an unsuccessful offeror of the ability to request a debriefing to occur post-award. FAR 15.505(a)(2). It is not unusual for the Corps to notify an unsuccessful offeror that it has been eliminated from the competition prior to award. FAR 15.503(a)(1). The Corps did not "single

out" AshBritt. The Corps' notification to AshBritt was a consequence of AshBritt being the only unsuccessful offeror in the competitive range.

9.

Ceres is without information sufficient to form a belief as to the averments in Paragraph 9 of the Complaint and, therefore, denies and demands strict proof of those averments. Ceres denies Paragraph 9 to the extent AshBritt alleges there were a number of defects in the Corps' evaluation process or that grounds for protest exists on the basis of the Corps' notification to AshBritt.

10.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint and, therefore, denies and demands strict proof of those averments.

11.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint and, therefore, denies and demands strict proof of those averments.

12.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint and, therefore, denies and demands strict proof of those averments.

13.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 13 of the Complaint and, therefore, denies and demands strict proof of those averments.

14.

Ceres is without information sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint and, therefore, denies and demands strict proof of those averments.

15.

Ceres denies the averments contained in Paragraph 15 of the Complaint. AshBritt requested documents not relevant to the procurement. Copies of the proposals and final proposal revisions of all offerors were not relevant to AshBritt's allegations.

16.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and, therefore, denies and demands strict proof of those averments.

**Count I**
**(The Corps Conducted Meaningful Discussions)**

17.

Ceres incorporates and reasserts the preceding paragraphs (1-16) contained in its Answer.

18.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint and, therefore, denies and demands strict proof of those averments.

19.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the Complaint and, therefore, denies and demands strict proof of those averments.

20.

Ceres denies the averments contained in Paragraph 20 of the Complaint. Ceres denies the discussions were not meaningful and denies AshBritt was competitively prejudiced.

**A. USACE Conducted Adequate Discussions Regarding the Automated Debris Management System. AshBritt's Allegations in its Heading are Denied.**

21.

Ceres is without information sufficient to form a belief as to the truth of the averments contained Paragraph 21 of the Complaint and, therefore, denies and demands strict proof of those averments.

22.

Ceres denies the averments contained in Paragraph 22 of the Complaint.

23.

Ceres denies the averments contained in Paragraph 23 of the Complaint.

24.

Ceres denies the averments contained in Paragraph 24 of the Complaint.

25.

Ceres denies the averments contained in Paragraph 25 of the Complaint.

26.

Ceres denies the averments contained in Paragraph 26 of the Complaint.

27.

Ceres denies the averments in Paragraph 27 of the Complaint. Ceres denies the ADMS evaluation criteria were seriously flawed.

28.

Ceres denies the averments in Paragraph 28 of the Complaint. Ceres is without information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 28 and, therefore, denies and demands strict proof of those averments.

**B. USCAE Treated Offerors Equally When Discussing ADMS Pricing. Ashbritt's Allegations in its Heading are Denied.**

29.

Ceres denies the averments contained in Paragraph 29 of the Complaint. Ceres is without information sufficient to form a belief as to the truth of the averments contained in the first clause of the second sentence of Paragraph 29 and, therefore, denies and demands strict proof of those averments.

30.

Ceres denies the averments contained in Paragraph 30 of the Complaint.

31.

Ceres denies the averments contained in Paragraph 31.

**C. Meaningful Discussions Were Conducted Regarding AshBritt's Small Business Subcontracting Plan. Ashbritt's Allegations in its Heading are Denied.**

32.

Ceres is without information sufficient to form a belief as to the averments contained in Paragraph 32 of the Complaint and, therefore, denies and demands strict proof of those averments.

33.

Ceres is without information sufficient to form a belief as to the averments contained in Paragraph 33 of the Complaint and, therefore, denies and demands strict proof of those averments.

34.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the Complaint and, therefore, denies and demands strict proof of those averments.

35.

Ceres denies the averments contained in Paragraph 35 of the Complaint. Ceres denies AshBritt adequately addressed the Corps' stated concerns.

36.

Ceres denies the averments contained in Paragraph 36 of the Complaint.

37.

Ceres denies the averments contained in Paragraph 37 of the Complaint.

**D. Discussions Regarding the IGE were Full and Fair. Ashbritt's Allegations in its Heading are Denied.**

38.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 38 of the Complaint and, therefore, denies and demands strict proof of those averments.

39.

Ceres denies the averments in Paragraph 39 of the Complaint.

40.

Ceres denies the averments in Paragraph 40 of the Complaint.

41.

Ceres denies the averments in Paragraph 41 of the Complaint. AshBritt exercised its own business judgment when altering its prices for the FPR.

42.

Ceres denies the averments in Paragraph 42 of the Complaint. Only portions of the IGE were revised.

43.

Ceres denies the averments in Paragraph 43 of the Complaint.

44.

Ceres denies the averments in Paragraph 44 of the Complaint.

45.

Ceres denies the averments in Paragraph 45 of the Complaint.

46.

Ceres denies the averments in Paragraph 46 of the Complaint.

**Count II**
**(Offerors Conformed to the Solicitation Requirements)**

47.

Ceres incorporates the preceding paragraphs (1-46) as fully stated herein.

48.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 48 of the Complaint.

49.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 49 of the Complaint.

50.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 of the Complaint regarding other offerors and, therefore, denies and demands strict proof of those averments. Ceres denies the remainder of the averments in Paragraph 50 of the Complaint.

51.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 51 of the Complaint to the extent of AshBritt's beliefs. Ceres otherwise denies the averments contained in Paragraph 51 of the Complaint.

52.

Ceres denies the averments contained in Paragraph 52 of the Complaint. The Corps is to evaluate proposals based on the criteria specified in the Solicitation and applicable law.

**Count III**
**(The Corps Followed the Evaluation Scheme Described in the Solicitation Regarding Reach Back Contracts)**

53.

Ceres incorporates the preceding paragraphs (1-52) as if fully stated herein

54.

Ceres denies the averments contained in Paragraph 54.

55.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 of the Complaint and, therefore, demands strict proof of those averments.

56.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 56 of the Complaint and, therefore, denies and requires strict proof of those averments.

57.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 57 of the Complaint and, therefore, denies and requires strict proof of those averments.

58.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 58 of the Complaint and, therefore, denies and requires strict proof of those averments.

59.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 59 and, therefore, denies and demands strict proof of those averments.

60.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 60 of the Complaint and, therefore, denies and requires strict proof of those averments.

61.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 61 of the Complaint and, therefore, denies and requires strict proof of those averments.

62.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 62 of the Complaint and, therefore, denies and demands strict proof of those averments.

63.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in the remainder of Paragraph 63 and, therefore, denies and demands strict proof of those averments.

**No Basis for Declaratory and Injunctive Relief**

64.

Ceres denies the averments contained in Paragraph 64 of the Complaint.

65.

Ceres denies the averments contained in Paragraph 65 of the Complaint.

66.

Ceres is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 66 of the Complaint and, therefore, denies and demands strict proof of those averments.

67.

Ceres denies the averments contained in Paragraph 67 of the Complaint.

WHEREFORE, Intervenor Ceres, Environmental Services respectfully requests this Honorable Court deny AshBritt's Complaint and request for Declaratory and Injunctive Relief. Ceres requests this Court refrain from interrupting the expedient administration of these urgently needed Contracts as awarded to protect the public.

Respectfully submitted this 5th day of September, 2008.

**SMITH, CURRIE & HANCOCK LLP**

/s/Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671
kfdix@smithcurrie.com

Of Counsel
Steven L. Reed
John S. Tobey

**ATTORNEYS FOR CERES ENVIRONMENTAL SERVICES, INC.**

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of September, a copy of the foregoing "ANSWER OF INTERVENOR CERES ENVIRONMENTAL SERVICES, INC." was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's System.

**SMITH, CURRIE & HANCOCK LLP**

By /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave, NE
Atlanta, GA 30303-1227
(404) 582-8038 (Telephone)
(404) 688-0671 (Facsimile)

**ATTORNEYS FOR INTERVENOR CERES ENVIRONMENTAL SERVICES, INC.**