**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
***Bid Protest***

| | | |
|---|---|---|
| **ASHBRITT, INC.** | ) | **No. 08-00473** |
| | ) | |
| **Plaintiff,** | ) | **Judge Mary Ellen Coster Williams** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.'S RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D**

Ceres Environmental Services, Inc. ("Ceres"), by and through the undersigned counsel, files this RCFC 12(b)(6) Motion to Dismiss for Failure to State a Claim for which Relief may be Granted for SATOC Awards 2D and 4 and Reach Back Awards 2A and 2B; or in the alternative, RCFC 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction for SATOC Award Region 2D.

1. AshBritt has protested all the awards for Solicitation No. W912P8-0707-R-0101 issued by the U.S Corps of Engineers ("Corps") on June 23, 2007. These awards pertain to the Advance Contracting Initiative Single Award Task Order

Contracts for Debris Management Services within the United States and its territories ("Solicitation").

2. The Solicitation divides much of the United States and its territories into regions for which the Corps selected a contractor for each region to provide debris management services in the event of an occurrence that generated debris above a specified threshold. These awards are referred to as SATOC Awards. For many of these regions, the Corps also selected an alternate contractor to provide "Reach Back" services in the event a major disaster required a contractor to supplement the SATOC contractor's work effort.

3. The Solicitation delineated the geographic regions as any one of the identified regions within the named Corps Division (Major Subordinate Command) boundary. These divisions included the North Atlantic Division (NAD), South Atlantic Division (SAD), including Puerto Rico and the U.S. Virgin Islands; Mississippi Valley Division (MVD), Southwestern Division (SWD); South Pacific Division (SPD); and Pacific Ocean Division (POD).

4. The Solicitation identified the regions as follows:

| Chart 1: Corps Divisions, SATOC Regions, and States/Territories | | |
|---|---|---|
| Corps Division | Region | States within Region |
| NAD North Atlantic Division | 1 | New Jersey, New York, Pennsylvania, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, Maine, Maryland, Delaware, District of Columbia, Virginia, West Virginia |
| SAD South Atlantic Division | 2A | Alabama, Florida |
| | 2B | Georgia, North Carolina, South Carolina |
| | 2C | Puerto Rico |
| | 2D | Virgin Islands |
| MVD Mississippi Valley Division | 3 | Louisiana, Mississippi |
| SWD Southwestern Division | 4 | Texas, Oklahoma, Arkansas |
| SPD South Pacific Division | 5 | California, Utah, Nevada, Arizona, New Mexico |
| POD Pacific Ocean Division | 6A | Hawaii |
| | 6B | Alaska |

5. The Corps solicited SATOC awards for every region. The Corps solicited Reach Back awards for every region except Region 2D.

6. The Solicitation set requirements for receiving the various awards. A contractor would not be considered for an award unless it satisfied the following requirements:

   a. The contractor must not have received a SATOC award in a region adjacent to the award being considered;

b. The contractor must not have received an award in the same Corps' Division;

c. For Region 2D, the solicitation restricted competition to firms incorporated in the U.S. Virgin Islands or Joint Ventures Virgin Islands firm;

d. For Region 2C, the solicitation restricted competition to firms in Puerto Rico or a Joint Venture with a Puerto Rico firm;

e. For SATOC awards, the contractor must submit an offer for that particular region;

f. For Reach Back awards, the contractor must indicate that it was competing for the Reach Back award.

7. Further, the Solicitation required that a contractor could not receive both the SATOC and Reach Back awards in a given region.

8. AshBritt is not an interested party to protest SATOC awards for Regions 2D and 4 and the Reach Back awards for Regions 2A and 2B.

9. For the Region 2D SATOC, AshBritt did not submit an offer and therefore, is not an actual or prospective offeror, has no economic interest, and did not suffer prejudice as a result of the agency's decision to award the contract to Ceres[1]. AshBritt is also not an interested party to challenge the Region 2D SATOC

[1] Ceres received this award with its partner, BGM (a U.S.V.I firm), as the joint venture BGM-Ceres.

because AshBritt already received the Region 2B SATOC. The Solicitation prohibits AshBritt from receiving the Region 2D SATOC when AshBritt received the SATOC in Region 2B, which is also in the Corps South Atlantic Division.

10. For Region 4 SATOC, the Solicitation prohibits AshBritt from receiving this award because it is adjacent to Region 3, where AshBritt has a binding contract to provide Reach Back services. As a party who is not eligible for the Region 4 SATOC, AshBritt did not suffer prejudice as a result of the agency's decision to award the Region 4 SATOC to Ceres.

11. For the Region 2B Reach Back, the Solicitation prohibits AshBritt from receiving this award because AshBritt already received the Region 2B SATOC. As a party which received the Region 2B SATOC, AshBritt did not suffer prejudice by the agency's decision to award this contract to Ceres because AshBritt is not eligible to receive both the SATOC and Reach Back award in the same region.

12. For the Region 2A Reach Back, the Solicitation prohibits AshBritt from receiving this award because AshBritt received a SATOC award in an adjacent region (Region 2B). As a party who received a SATOC in an adjacent region, AshBritt is not eligible for this award and did not suffer prejudice by the agency's decision to award this contract to Ceres.

13. In the alternative, Ceres requests this Court dismiss AshBritt's protest with respect to Region 2D for lack of subject matter jurisdiction under RCFC 12(b)(1). AshBritt is not an interested party to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1491(b)(1) because AshBritt did not submit an offer for this award. AshBritt therefore, is not an actual or prospective offeror, does not have an economic interest in the award, and did not suffer prejudice as a result of the agency's decision to award the contract to Ceres.

14. For the reasons above, Ceres requests the Court dismiss AshBritt's protest with respect to the SATOC awards for Regions 2D and 4 and the Reach Back awards for Region 2A and 2B.

Respectfully submitted this 5th day of September, 2008.

**SMITH, CURRIE & HANCOCK LLP**

By /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave, NE
Atlanta, GA 30303-1227
(404) 582-8038 (Telephone)
(404) 688-0671 (Facsimile)
kfdix@smithcurrie.com

Of Counsel:
Steven L. Reed
John S. Tobey
**ATTORNEYS FOR INTERVENOR CERES ENVIRONMENTAL SERVICES, INC.**

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of September, a copy of the foregoing "INTERVENOR CERES ENVIRONMENTAL SERVICES, INC.'S RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DIMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's System.

**SMITH, CURRIE & HANCOCK LLP**

By /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave, NE
Atlanta, GA 30303-1227
(404) 582-8038 (Telephone)
(404) 688-0671 (Facsimile)

**ATTORNEYS FOR INTERVENOR CERES ENVIRONMENTAL SERVICES, INC.**