**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
***Bid Protest***

| | | |
|---|---|---|
| **ASHBRITT, INC.** | ) | **No. 08-00473** |
| | ) | |
| **Plaintiff,** | ) | **Judge Mary Ellen Coster Williams** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

# INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.'S MEMORANDUM IN SUPPORT OF RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D.

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES ............ iii**

**INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.'s MEMORANDUM IN SUPPORT OF RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D. ............ 1**

**I. INTRODUCTION............ 2**

**II. THE SOLICITATION ............ 3**

**III. QUESTIONS ............ 8**

**IV. CONCISE STATEMENT OF THE CASE ........ 8**

**V. FACTUAL BACKGROUND ........ 10**

**VI. ARGUMENT AND CITATION OF AUTHORITY ........ 14**

**A. Standard for RCFC 12(b)(6) Motion to Dismiss ........ 14**

**B. Standard for Asserting Protest ........ 15**

**C. Dismissal of Protest with regard to SATOC Region 2D ........ 20**

**D. Dismissal of Protest with regard to SATOC Region 4 ........ 23**

**E. Dismissal of Protest with regard to Reach Back Region 2B ........ 24**

**F. Dismissal of Protest with regard to Reach Back for Region 2A ........ 25**

**G. This Court has no Jurisdiction over the Protest for SATOC Region 2D ........ 26**

**VII. CONCLUSION ........ 27**

**CERTIFICATE OF FILING ........ 35**

**Note to Court: To assist the Court, Intervenor Ceres Environmental Services, Inc. is providing a hard copy of the appendices in color via overnight mail.**

# TABLE OF AUTHORITIES

## Cases

Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed.Cir.1999).................... 19

Allied Materials and Equipment Co., Inc. v. United States, 81 Fed. Cl. 448 (2008) .................. 20

Bell Atlantic Corp. v. Twombly, 127 S. Ct 1955, 1965 (2007).......................... 12, 18, 26, 27, 29

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ........................................................................ 17

Harlow v. Fitzgerald, 457 U.S. 800, 814-19 (1982) ................................................................ 18

Henke v. United States, 60 F.3d 795, 797 (Fed.Cir.1995)......................................................... 17

Info. Tech. & Applications Corp. v. United States, 316 F.3d 1312, 1319 (Fed.Cir.2003).......... 19

Information Sciences Corp. v. United States, 80 Fed. Cl. 759 (2008)........................................ 19

Masai Technologies Corp. v. United States, 79 Fed. Cl. 433 (2007) ......................................... 20

Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1370 (Fed.Cir.2002) 19, 24, 25, 26, 27, 28, 30

Pride Intern., LLC v. United States, 64 Fed. Cl 754, 757 (2005) ............................................... 29

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)........................................................................... 18

Sebastian v. United States, 185 F.3d 1368 (Fed. Cir. 1999)....................................................... 18

Tellabs, Inc. v Makor Issues & Rights, Ltd, 127 S.Ct. 2499 (U.S. 2007) .................................. 18

## Statutes

28 U.S.C.A. § 1491(b)(1)..................................................... 13, 19, 22, 24, 25, 26, 27, 28, 29, 31

## Regulations

FAR 52.215-1 ............................................................................................................................ 15

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
***Bid Protest***

| | | |
|---|---|---|
| **ASHBRITT, INC.** | ) | **No. 08-00473** |
| | ) | |
| **Plaintiff,** | ) | **Judge Mary Ellen Coster Williams** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.'s MEMORANDUM IN SUPPORT OF RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D.**

Ceres Environmental Services, Inc., ("Ceres"), Intervenor, by and through its undersigned counsel files the following Memorandum in Support of its RCFC 12(b)(6) Motion to Dismiss; or in the alternative, RCFC 12(b)(1) Motion to Dismiss. Ceres seeks dismissal of AshBritt's protest with regard to the SATOC awards for regions 2D and 4 and the Reach Back awards for regions 2A and 2B. These Motions follow in separate parts according to the particular award protested. Ceres requests the Court dismiss Plaintiff's claims for the SATOC awards for regions 2D and 4 and the Reach Back awards for 2A and 2B.

# I. INTRODUCTION

AshBritt is not an interested party to protest SATOC awards for Regions 2D and 4 and the Reach Back awards for Regions 2A and 2B.

AshBritt did not submit an offer for Region 2D and is therefore, not eligible for this award. AshBritt is otherwise not eligible for the Region 2D SATOC award. The Solicitation prohibits AshBritt from receiving the Region 2D award because 1)AshBritt is not a Virgin Islands firm or a Joint Venture with a Virgin Islands firm; and 2) because AshBritt received another award in the South Atlantic Division (AshBritt received the Region 2B SATOC award). Moreover, because AshBritt did not submit an offer for Region 2D, AshBritt cannot invoke this court's subject matter jurisdiction.

AshBritt is not eligible to receive the SATOC award for Region 4 or the Reach Back award for Regions 2A or 2B. The Solicitation prohibits AshBritt from receiving the SATOC award for Region 4 because AshBritt received the Reach Back in an adjacent region (Region 3 is adjacent to Region 4). The Solicitation likewise prohibits AshBritt from receiving the Reach Back award for Region 2A because AshBritt received a SATOC award in an adjacent region (Region 2B is adjacent to Region 2A).

The Solicitation precludes AshBritt from receiving the Region 2B Reach Back award because AshBritt already received the Region 2B SATOC award and AshBritt cannot receive both the SATOC and Reach Back awards in Region 2B.

## II. THE SOLICITATION

AshBritt is an awardee for some of the awards under Solicitation No. W912P8-0707-R-0101 ("Solicitation") issued by the U.S. Army Corps of Engineers ("Corps") on June 23, 2007. AshBritt has carelessly protested every award under the Solicitation.

These awards pertain to the Advance Contracting Initiative Single Award Task Order Contracts for Debris Management Services within the United States and its territories.

The Solicitation divides the United States and its territories into regions for which the Corps selected a contractor for each region to provide debris management services in the event of an occurrence that generated debris above a specified threshold. These awards are referred to as SATOC Awards. For many of these regions, the Corps also selected an alternate contractor to provide "Reach Back" services in the event a major occurrence generated an amount of debris above and beyond a specified threshold greater than the amount of debris necessary to trigger the performance of the SATOC contract.

The Solicitation defined the geographic regions as any one of the identified regions within a Corps Division (Major Subordinate Command) boundary. These divisions included the North Atlantic Division (NAD), South Atlantic Division (SAD), including Puerto Rico and the U.S. Virgin Islands; Mississippi Valley Division (MVD), Southwestern Division (SWD); South Pacific Division (SPD); and Pacific Ocean Division (POD).

*(Rest of Page Intentionally Blank)*

The Solicitation identified the regions as follows in Chart 1.

| Chart 1: Corps Divisions, SATOC, Regions, and States/Territories | | |
|---|---|---|
| Corps Division | Region | States within Region |
| NAD North Atlantic Division | 1 | New Jersey, New York, Pennsylvania, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, Maine, Maryland, Delaware, District of Columbia, Virginia, West Virginia |
| SAD South Atlantic Division | 2A | Alabama, Florida |
| | 2B | Georgia, North Carolina, South Carolina |
| | 2C | Puerto Rico |
| | 2D | Virgin Islands |
| MVD Mississippi Valley Division | 3 | Louisiana, Mississippi |
| SWD Southwestern Division | 4 | Texas, Oklahoma, Arkansas |
| SPD South Pacific Division | 5 | California, Utah, Nevada, Arizona, New Mexico |
| POD Pacific Ocean Division | 6A | Hawaii |
| | 6B | Alaska |

The regions listed in Chart 1 are illustrated on a map in Appendix 1 of the motion.

The Corps solicited SATOC awards for every region. The Corps solicited Reach Back awards for every region except Region 2D.

The Solicitation also set eligibility requirements for the various awards. A contractor was not eligible for an award unless it satisfied the following requirements:

1. The contractor did not already receive a SATOC award in a region adjacent to the award being considered;
2. The contractor did not already receive an award in the same Corps' Division;
3. For Region 2D, the contractor had to be a firm incorporated in the U.S. Virgin Islands or a Joint Venture with a Virgin Islands firm;
4. For Region 2C, the contractor had to be a firm incorporated in Puerto Rico or a Joint Venture with a Puerto Rico firm;
5. For SATOC awards, the contractor submitted an offer for that particular region;
6. For Reach Back awards, the contractor indicated it wanted to be considered for the Reach Back award.

Further, the Solicitation provided a contractor could not receive both the SATOC and Reach Back award in a given region.

The recipients of the SATOC and Reach Back awards are listed below in Chart 2. The recipients of the SATOC awards are illustrated on a map in Appendix 2 of the motion. The recipients of the Reach Back awards are illustrated on a map in Appendix 3 of the motion.

| Chart 2: Contract Awards | | | | |
|---|---|---|---|---|
| Corps Division | Region | States within Region | SATOC Awardee | Reach Back Awardee |
| NAD North Atlantic Division | 1 | New Jersey, New York, Pennsylvania, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, Maine /Maryland, Delaware, District of Columbia, Virginia, West Virginia | ECC | Phillips & Jordan |
| SAD South Atlantic Division | 2A | Alabama, Florida | Phillips & Jordan | Ceres |
| | 2B | Georgia, North Carolina, South Carolina | AshBritt | Ceres |
| | 2C | Puerto Rico | Xpert's | Phillips & Jordan |
| | 2D | Virgin Islands | BGM-Ceres | N/A |
| MVD Mississippi Valley Division | 3 | Louisiana, Mississippi | ECC | AshBritt |
| SWD Southwestern Division | 4 | Texas, Oklahoma, Arkansas | Ceres | Phillips & Jordan |
| SPD South Pacific Division | 5 | California, Utah, Nevada, Arizona, New Mexico | ECC | Phillips & Jordan |
| POD Pacific Ocean Division | 6A | Hawaii | ECC | Phillips & Jordan |
| | 6B | Alaska | Ceres | Phillips & Jordan |

## **III. QUESTIONS**

1. Should this Court dismiss AshBritt's protest with regard to SATOC awards for regions 2D and 4 and Reach Back awards for 2A and 2B because AshBritt is not an interested party, can show no prejudice, and therefore, fails to state a claim for which relief may be granted?

2. Does this Court have jurisdiction over the awards for which AshBritt did not submit an offer?

## **IV. CONCISE STATEMENT OF THE CASE**

Ceres moves to dismiss because AshBritt is not an interested party to challenge the SATOC awards for Regions 2D and 4 or the Reach Back awards for 2B and 2A.

For Region 2D, AshBritt did not submit an offer. The Solicitation (Section H.3) otherwise prohibits AshBritt, a Florida corporation (Complaint ¶ 3), from competing for Region 2D (The Solicitation limits the award of Region 2D to firms incorporated in the Virgin Islands or partnered with a Virgin Islands firm). The Solicitation (Section H.1) also prohibits AshBritt from competing for Region 2D because AshBritt is already the awardee for another SATOC contract in the South Atlantic Division. Consequently, AshBritt suffered no prejudice as a result of the agency's decision to award Region 2D to Ceres.

The Solicitation (Sections H.1 and M.2) prohibits AshBritt from receiving the Region 2B Reach Back award because AshBritt already received the SATOC award for Region 2B. AshBritt is not eligible to receive both the SATOC and Reach Back awards in a given region. AshBritt therefore, suffered no prejudice by the agency's decision to award the Region 2B Reach Back to Ceres.

The Solicitation (Sections H.1 and M.2) prohibits AshBritt from receiving the SATOC award for Region 4 or the Reach Back award for Region 2A because AshBritt may not receive Reach Back and SATOC awards in adjacent Regions. Hence, AshBritt suffered no prejudice as a result of the agency's decision to award these contracts to Ceres.

The awards AshBritt received and the awards for which AshBritt is not eligible are illustrated in Appendix 4 of the motion.

Consequently, AshBritt is not an actual or prospective offeror for these awards, does not have an economic interest in these awards, did not suffer prejudice and therefore, is not an interested party to challenge these awards. Because AshBritt is not an interested party, AshBritt's allegations are not "sufficient to raise a right to relief beyond the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct 1955, 1965 (2007).

In the alternative, Ceres moves to dismiss because this Court does not have jurisdiction over the SATOC award for Region 2D. AshBritt did not compete for

Region 2D. AshBritt is not an actual or prospective offeror, has no economic interest in, and has not suffered prejudice as a result of the Government's decision to award the contract to Ceres. AshBritt is therefore, not an interested party to invoke this Court's jurisdiction pursuant to 28 U.S.C.A. § 1491(b)(1).

## V. FACTUAL BACKGROUND

1. AshBritt is a corporation organized under the laws of the State of Florida. AshBritt's principal place of business is at 480 South Andrews Avenue, Suite 103, Pompano Beach, Florida 33069. See Complaint ¶ 3.
2. On June 23, 2007, the Corps issued Solicitation No. W912P8-07-R-0101 to award Advanced Contracting Initiative Single Award Task Order Contracts for Debris Management Services Within the United States and its Territories. The Solicitation sought to place debris management contractors for particular regions of the country in advance of natural or man-made disasters so that contractors could mobilize immediately upon the occurrence of a disaster. See Complaint ¶ 6.
3. The Regions included Regions 1, 2A, 2B, 2C, 2D, 3, 4, 5, 6A, and 6B. The Corps solicited SATOC and Reach Back awards for every region except Region 2D, in which the Corps only solicited a SATOC award. See Solicitation Section H.1 at Tab 5 of the Administrative Record.

4. For the Region 2D SATOC award, the Solicitation requires the offeror be incorporated under the laws of the Virgin Islands or be a joint venture between an United States Firm and a Virgin Islands firm. See Solicitation Section H.3 at Tab 5 of the Administrative Record.

5. For the Region 2C SATOC and Reach Back awards, the Solicitation requires the offeror be incorporated under the laws of Puerto Rico or be a joint venture between an United States firm and a Puerto Rico firm. See Solicitation Section H.3. at Tab 5 of the Administrative Record.

6. The Solicitation provides that offerors may not receive SATOC awards in adjacent Regions. See Solicitation Section H.1 at Tab 5 of the Administrative Record.

7. The Solicitation provides that offerors may not receive more than one SATOC award in Region 2. See Solicitation Section H.1 at Tab 5 of the Administrative Record.

8. The Solicitation provides an offeror may not receive a SATOC and a Reach Back in adjacent Regions. See Solicitation Section M.2 at Tab 5 of the Administrative Record.

9. The Solicitation provides that the receipt of SATOC or Reach Back awards in a given region are mutually exclusive. See Solicitation Section M.2 at Tab 5 of the Administrative Record.

10. AshBritt submitted offers for SATOC Regions 1, 2A, 2B, 2C, 3, 4, 5, 6A, and 6B.

11. AshBritt did not submit an offer for Region 2D.

12. AshBritt indicated it wanted to be considered for the Reach Back awards for Regions 1, 2A, 2B, 2C, 3, 4, 5, 6A, and 6B.

13. The Solicitation provided offers could not be withdrawn after award. See FAR 52.215-1.

14. The Corps accepted AshBritt's offer and notified AshBritt of acceptance on April 11, 2008. See Complaint ¶ 11. AshBritt did not withdraw its offers in connection with SATOC Region 2B or Reach Back Region 3. The Corps accepted these offers. See FAR 52.215-1 Instructions to Offerors Competitive Acquisition (Jan 2004) (Solicitation Section L, page 107 of 111)

15. Ceres received the SATOC awards for Regions 2D (as Joint Venture firm in the Virgin Islands), 4, and 6B.

16. Ceres received the Reach Back awards for Regions 2A and 2B.

17. AshBritt has requested the Court require the Corps to reopen discussions and request new Final Proposal Revisions from offerors for all awards under the Solicitation. See Complaint page 14 "Prayer for Relief" ¶ a.

18. AshBritt has asked the Court to require the Corps to award additional SATOC and Reach Back contracts to AshBritt. See Complaint page 14 "Prayer for Relief" ¶ b.

19. AshBritt has requested the Court permanently enjoin the Corps from proceeding with the administration of the awarded contracts. See Complaint page 14 "Prayer for Relief" ¶ c.

20. The Solicitation provides Region 2B is adjacent to Region 2A. See Solicitation Section H.1 at Tab 5 of the Administrative Record.

21. The Solicitation provides Region 3 is adjacent to Region 4. See Solicitation Section H.1

22. FAR 52.215-1 provides (relevant portions):

52.215-1 Instructions to Offerors—Competitive Acquisition.

As prescribed in 15.209(a), insert the following provision:

Instructions to Offerors—Competitive Acquisition (Jan 2004) . . .
(c) Submission, modification, revision, and withdrawal of proposals . . .
(3) Submission, modification, revision, and withdrawal of proposals . . .
(v) Proposals may be withdrawn by written notice received at any time before award. Oral proposals in response to oral solicitations may be withdrawn orally. If the solicitation authorizes facsimile proposals, proposals may be withdrawn via facsimile received at any time before award, subject to the conditions specified in the provision at 52.215-5, Facsimile Proposals. Proposals may be withdrawn in person by an offeror or an authorized representative, if the identity of the person requesting withdrawal is established and the person signs a receipt for the proposal before award . . .
(8) Proposals may be withdrawn at any time before award. Withdrawals are effective upon receipt of notice by the Contracting Officer . . .

(f) Contract award . . .
informalities and minor irregularities in proposals received.

(4) The Government intends to evaluate proposals and award a contract without discussions with offerors (except clarifications as described in FAR 15.306(a)). Therefore, the offeror's initial proposal should contain the offeror's best terms from a cost or price and technical standpoint. The Government reserves the right to conduct discussions if the Contracting Officer later determines them to be necessary. If the Contracting Officer determines that the number of proposals that would otherwise be in the competitive range exceeds the number at which an efficient competition can be conducted, the Contracting Officer may limit the number of proposals in the competitive range to the greatest number that will permit an efficient competition among the most highly rated proposals . . .

(10) A written award or acceptance of proposal mailed or otherwise furnished to the successful offeror within the time specified in the proposal shall result in a binding contract without further action by either party.

23.Section H.2 of the Solicitation provides (Tab 5 of the Administrative Record):

This award is for all FEMA related work for debris removal, disposal, and site management after any natural or man-made disaster. The Government reserves the right to use its discretion in the award of any non-FEMA related work.

## VI. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard for RCFC 12(b)(6) Motion to Dismiss

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a 12(b)(6) motion to dismiss, a court assumes the allegations in the complaint are true and construes those allegations in plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). The Supreme Court recently clarified the degree of specificity with which a plaintiff must plead facts sufficient to survive such a motion in Bell Atlantic v.

Twombly, 127 S.Ct. 1955 (2007), stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citation omitted). The Supreme Court explained that although a complaint need not contain "detailed factual allegations," Id. at 1964, the "factual allegations must be enough to raise a right to relief above the speculative level," Id. at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. Indeed, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-19 (1982).

Here, the Court may consider the terms of the Solicitation in ruling on this RCFC 12(b)(6) Motion. See Tellabs, Inc. v. Makor Issues & Rights, Ltd, 127 S.Ct. 2499 (2007) (Court may refer to the Solicitation and other items incorporated by reference in the Complaint in ruling on a Rule 12(b)(6) Motion); Sebastian v. United States, 185 F.3d 1368 (Fed. Cir. 1999) (Court may refer to matters in the public record, such as the Solicitation when ruling on a RCFC 12(b)(6) Motion).

**B. Standard for Asserting Protest**

A multi-part test is applied to determine whether a bid protester is an "interested party" with standing to mount a bid protest: (1) the protester must show that it was an actual or prospective bidder; (2) the protester must have a direct economic interest in the procurement. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp. v. United States, 80 Fed. Cl. 759 (2008); and (3) a protester must also establish it suffered prejudice. "[P]rejudice (or injury) is a necessary element of standing." Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1370 (Fed. Cir. 2002).

To establish prejudice, the plaintiff must demonstrate "that there was a 'substantial chance' it would have received the contract award but for the alleged error in the procurement process." Info. Tech. & Applications Corp. v. United States, 316 F.3d 1312, 1319 (Fed. Cir. 2003) (quoting Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999)). Moreover, "because the question of prejudice goes directly to the standing of the prospective government contractor to file bid protest action, prejudice must be reached before addressing the merits." Id.

The Court of Federal Claims recently distinguished the standard for post-award protests based on solicitation defects of which the plaintiff was unaware before the closing date for proposals. The protester may demonstrate prejudice if it shows "absent the error, it would have a chance of receiving the contract award

that is more than merely speculative." Allied Materials and Equipment Co., Inc. v. United States, 81 Fed. Cl. 448 (2008). The Allied Materials standard is consistent with previous decisions holding prejudice must be established by more than argument by counsel, particularly if the argument is not supported by evidence in the administrative record. To satisfy the Allied Materials standard, the protester must offer detailed evidence of the action it would have taken and made in its proposal.

Thus, to establish standing, AshBritt must allege both that it was an actual bidder and that it had a substantial likelihood of receiving the contract award in the absence of the Agency's alleged errors. See Masai Technologies Corp. v. United States, 79 Fed. Cl. 433 (2007). (to demonstrate standing in this case protester was required to allege both that it was an actual bidder and that it had a substantial likelihood of receiving the contract award in the absence of the Agency's alleged errors). For those grounds of the protest based on solicitation defects of which AshBritt was unaware before the closing date for proposals, AshBritt must show "absent the error, it would have had a chance of receiving the contract award that is more than merely speculative." Allied Materials, 81 Fed. Cl. 448 (2008).

AshBritt does not have standing to mount this protest with regard to the SATOC awards for Regions 2B, 2D, and 4 and the Reach Back awards for Regions 2A, 2B, and 3. The reasons are summarized in the charts below. Chart 3 addresses

SATOC awards. Chart 4 concerns Reach Back awards. Additional textual explanation follows the charts. Maps are provided in Appendices attached to this motion.

(*Rest of Page Intentionally Blank)*

| Chart 3: SATOC Awards and Reasons AshBritt not Interested Party | | | | |
|---|---|---|---|---|
| Division | Region | States in Region | Reason not Interested Party | Authority |
| NAD | 1 | New Jersey, New York, Pennsylvania, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, Maine, Maryland, Delaware, District of Columbia, Virginia, West Virginia | AshBritt was awarded SATOC in Adjacent Region (Region 2B) | Section H.1, offeror cannot receive SATOC awards in adjacent regions |
| SAD | 2A | Alabama, Florida | AshBritt has SATOC in Adjacent Region (Region 2B) | Section H.1, offeror cannot receive SATOC awards in adjacent regions |
| | | | AshBritt already has another SATOC award in SAD (Region 2B) | Section H.1, offeror cannot receive more than one SATOC award in SAD Area |
| | 2C | Puerto Rico | Protester is not a Puerto Rico Firm | Section H.3, Offeror must be a Puerto Rico firm or a Joint Venturer with a Puerto Rico firm |
| | | | AshBritt already has another SATOC award in SAD (Region 2B) | Section H.1, offeror cannot receive more than one SATOC award in SAD |
| | 2D | Virgin Islands | AshBritt did not submit offer for this award | 28 U.S.C.A. § 1491(b)(1) |
| | | | Protester is not a U.S.V.I firm | Section H.3, Offeror must be a Virgin Islands firm or a Joint Venturer with a Virgin Islands firm |
| | | | AshBritt already has another SATOC award in SAD (Region 2B) | Section H.1, offeror cannot receive more than one SATOC award in SAD |
| MVD | 3 | Louisiana, Mississippi | AshBritt already has the Region 3 Reach Back | Sections M.2, offeror may not have both SATOC and Reach Back awards in same region |
| SWD | 4 | Texas, Oklahoma, Arkansas | AshBritt has a Reach Back in an adjacent Region (Region 3) | Section M.2; H.1, SATOC and Reach Back awards may not be in adjacent regions |

| Chart 4: Reach Back Awards and Reasons AshBritt not Interested Party | | | | |
|---|---|---|---|---|
| Division | Region | States in Region | Reason not Interested Party | Authority |
| NAD | 1 | New Jersey,New York,Pennsylvania, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, Maine, Maryland, Delaware, District of Columbia, Virginia, West Virginia | AshBritt was awarded SATOC in Adjacent Region (Region 2B) | Sections H.1, M.2, offeror cannot receive SATOC and Reach Back awards in adjacent regions |
| SAD | 2A | Alabama, Florida | AshBritt has SATOC in Adjacent Region (Region 2B) | Sections H.1, M.2, offeror cannot receive SATOC and Reach Back awards in adjacent regions |
| | 2B | Georgia/,North Carolina/,South Carolina | AshBritt received the SATOC award for Region 2B | Section M.2, offeror may not have both SATOC and Reach Back awards in same region |
| | 2C | Puerto Rico | Protester is not Puerto Rico Firm | Section H.3, Offeror must be a Puerto Rico firm or a Joint Venturer with a Puerto Rico firm |
| | | | AshBritt already has another SATOC award in SAD (Region 2B) | Section H.1, offeror cannot receive more than one SATOC award in SAD |

The regions for which AshBritt is not eligible to receive (or protest) SATOC awards are illustrated in Appendix 4. The regions for which AshBritt is not eligible to receive (or protest) Reach Back awards are illustrated in Appendix 5.

**C. Dismissal of Protest with regard to SATOC Region 2D**

AshBritt did not submit an offer for this award. As a party who did not submit an offer for Region 2D, AshBritt cannot establish it is an interested party to

challenge the award for Region 2D. AshBritt is not an actual or prospective offeror, has no economic interest in this award, and cannot establish it was prejudiced by the Agency's decision to award this contract to Ceres. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370.

Moreover, AshBritt has no standing to protest this award because the Solicitation prohibits AshBritt, a Florida corporation, from competing for Region 2D. AshBritt is not a firm from the Virgin Islands or a joint venture between an United States and a Virgin Islands firm. Section H.2 of the Solicitation states:

> Prime contractors offering proposals for Region 2D for this solicitation must be firms from the Virgin Islands or joint ventures between United States and Virgin Island firms. To be considered as a Virgin Island firm for purposes of proposing under this solicitation, the firm must be (1) incorporated or otherwise organized and have its headquarters in the Virgin Islands, and (2) registered to do business in the Virgin Islands in accordance with the laws of the Virgin Islands.

AshBritt indicates it is a Florida corporation with its principal place of business in Pompano Beach, Florida. See Complaint ¶ 3. AshBritt does not indicate it is a firm incorporated or joint venturer otherwise organized in the Virgin Islands with its headquarters in the Virgin Islands. AshBritt has not filed suit on behalf of any joint venture incorporated in the Virgin Islands with its headquarters in the Virgin Islands. AshBritt has only filed suit on behalf of itself as a Florida corporation.

Hence, AshBritt is not eligible for the award of Region 2D. AshBritt is not an actual or prospective bidder and has no economic interest in Region 2D. AshBritt cannot be considered for an award unless it is an actual or prospective bidder. Information Sciences Corp., 80 Fed. Cl. 759 (2008).

Further, the Solicitation prohibits AshBritt from receiving the Region 2D SATOC award because AshBritt received another SATOC award in the South Atlantic Division area. As the awardee for the Region 2B SATOC, AshBritt is not an interested party to challenge the Region 2D SATOC.

The Solicitation prohibits an offeror from receiving more than one SATOC award in the South Atlantic Division. AshBritt received the Region 2B SATOC. Region 2B (Georgia/North Carolina/South Carolina) and Region 2D (U.S.V.I) are both in the South Atlantic Division. See Solicitation Section H.1 at Tab 5 of the Administrative Record. Section H.1 states:

> Prospective offerors can compete for any of the aforementioned regions but offerors will be limited to award of a single contract for each division.

Consequently, AshBritt has no economic interest and suffered no prejudice as a result of the Agency's decision to award this contract to Ceres. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370. Because AshBritt is not an interested party for Region 2D, AshBritt's allegations do not "to raise a right to relief above the speculative level"

to challenge the award for Region 2D. Bell Atlantic v. Twombly, 127 S.Ct. at 1965. This Court should dismiss AshBritt's protest with respect to Region 2D.

**D. Dismissal of Protest with regard to SATOC Region 4**

The Solicitation prohibits AshBritt from receiving the Region 4 SATOC award because AshBritt received a Reach Back award in an adjacent region. As the awardee for the Region 3 Reach Back, AshBritt is not an interested party to challenge the Region 4 SATOC. AshBritt has no economic interest in this award and suffered no prejudice as a result of the Agency's decision to award Region 4 SATOC contract to Ceres. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370.

The Solicitation prohibits AshBritt from receiving a SATOC award in a region adjacent to a region in which AshBritt received a Reach Back award. AshBritt received the Reach Back award for Region 3 and has a binding contract with the Corps. Region 3 (Mississippi/Louisiana) is adjacent to Region 4 (Texas/Oklahoma/Arkansas). Under the Solicitation, Reach Back awards and SATOC awards are not allowed in adjacent regions. Section M.2 states:

> Selection of Reach Back firms will be based on how an offeror's proposal fared in the evaluation for that region and if the offeror expressed interest in the program. The determining factor will be that the offeror will have to receive an award in another region. Further, the offeror will have to win in a non-adjacent region.

The Corps further clarified Section M.2 in the Q&A Sections of the Addenda to the solicitation. The Corps indicated an offeror may not receive SATOC awards and Reach Back awards in adjacent regions: "A contractor can be potentially selected for Reach Back for as many regions as desired provided specific concepts of Reach Back (e.g., no award in adjacent region, etc.) are met." See W912P8-07-R-0101 Amendment No. 0001, dated 7/10/2007, page 1 of 7.

Consequently, AshBritt has no economic interest and suffered no prejudice with respect to the Region 4 SATOC. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759. Because AshBritt is not an interested party for the Region 4 SATOC, AshBritt cannot raise a right to relief beyond the speculative level, Bell Atlantic v. Twombly, 127 S. Ct at 165. This Court should dismiss AshBritt's Protest with respect to the Region 4 SATOC.

**E. Dismissal of Protest with regard to Reach Back Region 2B**

The Solicitation prohibits AshBritt from receiving the Reach Back award for Region 2B because AshBritt received the Region 2B SATOC award. As the awardee for the Region 2B SATOC, AshBritt is not an interested party to challenge the Region 2B Reach Back. AshBritt does not have an economic interest in the Region 2B Reach Back and suffered no prejudice by the Agency's decision to award the contract to Ceres. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370.

Under the Solicitation, the government assigns Reach Back awards to supplement the SATOC award in the event of a major disaster. See Solicitation Section M.2 at Tab 5 of the Administrative Record. AshBritt has a binding contract to perform the Region 2B SATOC. The Solicitation does not permit AshBritt to receive both the SATOC and Reach Back in the same Region. AshBritt is not eligible for this award and therefore, is not an interested party to challenge it.

**F. Dismissal of Protest with regard to Reach Back for Region 2A**

The Solicitation prohibits AshBritt from receiving the Reach Back for Region 2A because AshBritt received a SATOC award in an adjacent region (Region 2B). As the awardee for the Region 2B SATOC, AshBritt is not an interested party to challenge the Reach Back award in Region 2A. AshBritt does not have an economic interest in the Region 2A Reach Back and suffered no prejudice by the Agency's decision to award the contract to Ceres. 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370.

As discussed above, AshBritt may not receive Reach Back awards and SATOC awards in adjacent regions. See Solicitation Section M.2 at Tab 5 of the Administrative Record. AshBritt received the Region 2B SATOC (Georgia, North Carolina, South Carolina), which is adjacent to Region 2A (Florida, Alabama).

AshBritt has a binding contract to perform the Region 2B SATOC. AshBritt is not eligible for the Region 2A Reach Back award and therefore, is not an interested party to challenge it[1].

Because AshBritt is not an interested party for the Region 2A Reach Back, AshBritt's allegations do not "raise a right to relief beyond the speculative level" Bell Atlantic, 127 S. Ct. at 1965. This Court should dismiss AshBritt's Protest with regard to the Reach Back for Region 2A.

**G. This Court has no Jurisdiction over the Protest for SATOC Region 2D**

AshBritt did not submit an offer the Region 2D SATOC award and therefore, is not an interested party to invoke this Court's jurisdiction pursuant to 28 U.S.C.A. § 1491(b)(1). This Court's jurisdiction under 28 U.S.C.A. § 1491(b)(1) is limited to actions by an "interested party" objecting to an agency's solicitation of bids or proposals. See Pride Intern., LLC v. United States, 64 Fed. Cl 754, 757 (2005). AshBritt is not an interested party to challenge the award for Region 2D because AshBritt did not submit an offer for Region 2D. AshBritt is not an actual or prospective bidder and does not have an economic interest in the

[1] To the extent AshBritt received the Region 2B SATOC, Ceres also notes AshBritt likewise has no standing to protest the Region 1 SATOC and Reach Back or Region 2A SATOC. The Solicitation prohibits AshBritt from receiving awards in regions adjacent to Regions in which AshBritt received a SATOC award. AshBritt has no economic interest in these awards, suffered no prejudice as a result of the agency's decision to award these contracts to other eligible offerors and therefore, is not an interested party to challenge these awards.

Region 2D SATOC, 28 U.S.C.A. § 1491(b)(1); Information Sciences Corp., 80 Fed. Cl. 759; Myers Investigative, 275 F.3d at 1370. If the Court finds appropriate, Ceres requests the Court to consider this Motion as a RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction with respect to Region 2D.

## VII. CONCLUSION

Ceres requests the Court dismiss AshBritt's protest pursuant to RCFC 12(b)(6) because AshBritt is not an interested party and has not raised a right to relief beyond the speculative level for the following reasons:

- Region 2D SATOC (U.S. Virgin Islands): AshBritt did not submit an offer and therefore, is not an actual or prospective offeror, has no economic interest, and did not suffer prejudice as a result of the agency's decision to award the contract to Ceres.
- Region 4 SATOC (Texas, Oklahoma, Arkansas): The Solicitation prohibits AshBritt from receiving this award because it is adjacent to Region 3, where AshBritt has a binding contract for the Reach Back services. As a party which is not eligible for this award, AshBritt did not suffer prejudice as a result of the agency's decision to award it to Ceres.
- Region 2B Reach Back (Georgia, North Carolina, South Carolina): The Solicitation prohibits AshBritt from receiving this award because AshBritt already received the Region 2B SATOC. As a party which

received the Region 2B SATOC, AshBritt is not eligible for the Reach Back award in the same region and did not suffer prejudice by the agency's decision to award this contract to Ceres.

- Region 2A Reach Back (Florida, Alabama): The Solicitation prohibits AshBritt from receiving this award because AshBritt received a SATOC award in an adjacent region (Region 2B). As a party which received a SATOC in an adjacent region, AshBritt is not eligible for this award and did not suffer prejudice by the agency's decision to award this contract to Ceres

In the alternative, Ceres requests this Court dismiss AshBritt's protest for lack of subject matter jurisdiction under RCFC 12(b)(1) with respect to Region 2D. AshBritt is not an interested party to invoke the Court's jurisdiction pursuant to 28 U.S.C.A. § 1491(b)(1) for the following reasons:

- Region 2D: AshBritt did not submit an offer for this award and therefore, is not an actual or prospective offeror, does not have an economic interest in the award, and did not suffer prejudice as a result of the agency's decision to award the contract to Ceres.

Respectfully submitted this 5th day of September, 2008.

**SMITH, CURRIE & HANCOCK LLP**

By /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave, NE
Atlanta, GA 30303-1227
(404) 582-8038 (Telephone)
(404) 688-0671 (Facsimile)
kfdix@smithcurrie.com

Of Counsel:
Steven L. Reed
John S. Tobey

**ATTORNEYS FOR INTERVENOR CERES ENVIRONMENTAL**

Appendix 1: USCOE Regions




| Region # | 1 | 2A | 2B | 2C | 2D | 3 | 4 | 5 | 6A | 6B |
|---|---|---|---|---|---|---|---|---|---|---|
| Color | | | | | | | | | | |

Appendix 2: SATOC Contract Awards




| Offeror/Awardee | Ceres Environmental | AshBritt | Environmental Chemical Corp (ECC) | Phillips & Jordan | Xpert's, Inc. | BGM-Ceres |
|---|---|---|---|---|---|---|
| Color | | | | | | |

Appendix 3: Reach Back Awards




| Offeror/Awardee | Ceres Environmental | AshBritt | Phillips & Jordan |
|---|---|---|---|
| Color | | | |

Appendix 4: SATOC Awards for which AshBritt Not Eligible For




.

| | AshBritt's SATOC award | Regions AshBritt not eligible | Regions AshBritt may not be disqualified from per Sections H and M of the Solicitation | Cannot Receive Both SATOC and Reach Back | Received SATOC Award in Adjacent Region | Already Received Award in this Corp Division | Did Not Submit Offer/Court has no jurisdiction under 28 U.S.C. § 1491(b)(1) | Not a firm incorporated in U.S.V.I. or a joint venture with a U.S.V.I. Firm | Not a firm incorporated in Puerto Rico or a joint venture with a Puerto Rico Firm | Cannot Receive Reach Back and SATOC Awards in Adjacent Region |
|---|---|---|---|---|---|---|---|---|---|---|
| Letter | ** | ** | ** | (a) | (b) | (c) | (d) | (e) | (f) | (g) |
| Color | | | | ** | ** | ** | ** | ** | ** | ** |

Appendix 5: Reach Back Awards AshBritt Not Eligible For




| | AshBritt's Reach Back award | Regions AshBritt not eligible | Regions AshBritt may not be disqualified from per Sections H and M of the Solicitation | Cannot Receive Both SATOC and Reach Back | Cannot Receive Reach Back and SATOC Awards in Adjacent Region | Not a Firm Incorporated in Puerto Rico or a Joint Venture with a Puerto Rico Firm |
|---|---|---|---|---|---|---|
| Letter | ** | ** | ** | A | b | c |
| Color | | | | ** | ** | ** |

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of September, a copy of the foregoing "INTERVENOR, CERES ENVIRONMENTAL SERVICES, INC.'S, MEMORANDUM IN SUPPORT OF RCFC 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED FOR SATOC AWARDS 2D and 4 AND REACH BACK AWARDS 2A and 2B; OR IN THE ALTERNATIVE, RCFC 12(B)(1) MOTION TO DIMISS FOR LACK OF JURISDICTION FOR SATOC AWARD REGION 2D" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's System.

**SMITH, CURRIE & HANCOCK LLP**

By /s/ Karl Frederick Dix
Karl Frederick Dix
2700 Marquis One Tower
245 Peachtree Center Ave, NE
Atlanta, GA 30303-1227
(404) 582-8038 (Telephone)
(404) 688-0671 (Facsimile)

**ATTORNEYS FOR INTERVENOR CERES ENVIRONMENTAL SERVICES, INC.**