# United States Court of Federal Claims
No. 08-473C
(Bid Protest)
(Filed: July 9, 2009)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| ASHBRITT, INC., | * | |
| | * | |
| Plaintiff, | * | Motion for Clarification; Meaning of |
| | * | Term "Reprocure"; Agency Discretion |
| v. | * | in Taking Corrective Action; Amendment |
| | * | of Decision. |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant, | * | |
| and | | |
| | * | |
| CERES ENVIRONMENTAL | * | |
| SERVICES, INC. and | * | |
| ENVIRONMENTAL CHEMICAL | * | |
| CORPORATION, | * | |
| | * | |
| Intervenors. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

**ORDER GRANTING DEFENDANT'S MOTION FOR CLARIFICATION AND CORRECTION OF THE COURT'S OPINION AND ORDER OF JUNE 25, 2009**

**WILLIAMS**, Judge.

On July 2, 2009, Defendant filed a motion for clarification and correction of the Court's Opinion of June 25, 2009.[1] For the following reasons, the Court grants Defendant's motion.

In the underlying Opinion, the Court granted Plaintiff's request for a permanent injunction and ordered the Army Corps of Engineers to "reprocure the services awarded in the primary contracts in Regions 5, 6A and 6B and the reach-back assignments in Regions 2C, 4, 5, 6A and 6B." Slip op. at 49. Pointing to the Court's use of the term "reprocure," Defendant seeks clarification as to the scope of the agency's discretion in complying with the Court's order.

---

[1] This decision was originally issued under seal on June 15, 2009.

The Court used the word "reprocure" in its broadest sense to permit Defendant to effect a remedy of the procurement errors at any stage in the reopened procurement process that the agency deems appropriate. Defendant has asked whether the Corps could reopen discussions and evaluate revised proposals or whether it must issue a new solicitation. Reopening discussions and proceeding from that point in the reprocurement effort will comply with the Court's order, so long as the agency corrects the errors identified in the opinion. As this Court emphasized, the agency has discretion in taking corrective action, and "it is not for this Court to dictate the particulars of each step the agency should take to remedy what transpired." Slip. op. at 48.

Defendant also seeks correction of the Court's characterization of its argument regarding how reach back assignments would be priced post-award if a reach back contractor were activated. The original opinion reflected that Defendant argued that pricing of reach back assignments would not be based on the reach back assignee's proposed prices for the reach back region but for some other region the assignee had won as a primary contract. This characterization was based on Defendant's counsel's representations during oral argument. See Tr. (Jan. 16, 2009) at 63, 65-66, and 70. However, in its Supplemental Brief, Defendant apparently intended to change its argument to contend that reach back assignments would use different prices -- those in the reach back region schedule. Defendant seeks to have the Court acknowledge its revised argument in lieu of its original argument.

This Court's commentary on the argument Defendant seeks to correct was dicta, as Defendant's position on post-award pricing of reach back assignments is immaterial to the outcome of this case. This dicta was mentioned in connection with the Court's finding that Defendant departed from the solicitation in failing to evaluate price in reach back assignments. See Slip op. at 41. That finding of illegality was not premised on Defendant's position regarding post-award reach back pricing, but on the conclusion that the agency had not followed the terms of the solicitation. Id. The Court held:

> Nothing in the solicitation excluded price from the reach back selection process. Likewise, the Source Selection Plan nowhere stated that price would be excluded from the reach back selection process.
>
> . . . .
>
> The plan, like the solicitation, indicated that the totality of evaluation criteria, including price, would be in play for both reach back assignments and primary contract awards.
>
> . . . .
>
> The Government's effort to backpeddle from this evaluation scheme in its Source Selection Decision and ignore price in selecting reach

>back awardees is arbitrary, capricious and unreasonable. It is a fundamental tenet of procurement law that proposals must be evaluated in accordance with the terms of the solicitation.

Id. Defendant does not seek reconsideration of this holding, and there is no opposition to the request for correction. As such, the Court grants Defendant's motion by deleting from the opinion all references to its argument on how reach back assignments would be priced.

## Conclusion

1. Defendant's motion for clarification and correction of the June 25, 2009 opinion is granted.

2. "Reprocure" is clarified as set forth above. The reprocurement process shall be completed within 12 weeks of the date of this July 9 order, absent good cause.

3. The June 25, 2009 decision is amended to delete two full paragraphs beginning with "Moreover" and "Depending" on page 42 of the slip opinion, and the full paragraph beginning with "So too" on page 45.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**